Douglas R. Bell Attorney for Central Broward Drainage District
QUESTION:
1. Is the Central Broward Drainage District authorized by either its Charter or General Law to assign a cause of action it may have to a private individual or corporation that reimburses the district for the expenses incurred by the district?
2. Assuming that the foregoing question is answered in the affirmative, what is the procedure to assign said cause of action?
SUMMARY:
1. The Central Broward Drainage District may not delegate its authority to institute a lawsuit.
2. In light of my answer to Question One, no response to your second question is necessary.
According to your letter, a property owner located within the boundaries of the Central Broward Drainage District has been notified to remove an obstruction to one of the district's canals that was constructed by the prior owners. If the obstruction is not removed, the district has informed the owner that the district itself will remove the obstruction and cause a lien to be placed against his property. Since the prior owner constructed the obstruction, the present property owner has requested that the district remove the obstruction and assign the district's rights against the prior owner to him in return for payment of the district's expenses. This situation has prompted your inquiry.
The Central Broward Drainage District was created by Ch. 61-1439, Laws of Florida.[1] The district was specifically authorized "[t]o sue and be sued" by its enacting legislation.[2]
This legislation prohibits the obstruction of drainage canals within the drainage district in the following terms:
 Any person who shall willfully obstruct any canal, drain, ditch or other watercourse, or shall damage or destroy any drainage works constructed by the drainage district, shall be liable to any person injured thereby for the full amount of the injury occasioned to any land or crops or other property by such misconduct and shall be liable to the drainage district [constructing the said work] for [double] the cost of removing such obstruction or repairing such damage; the costs shall include all labor, materials, equipment and supplies necessary to effect such removal or repair, and all costs and expenses including reasonable attorneys' fees necessary to make any person injured or the drainage district whole.[3]
In addition, the act states that "[w]hoever shall wilfully or otherwise obstruct any canal . . . or impede or obstruct the flow of water therein . . . shall be punished by imprisonment in the state prison not exceeding five (5) years or in the county jail not exceeding twelve (12) months or fined not exceeding five thousand dollars."[4]
If the board of commissioners determines the existence of an obstruction or impediment to the flow of water or drainage in a canal "the record owner of the property . . . shall be notified in writing of such obstruction with a demand therein that such owner cause such condition to be remedied."[5] A hearing is provided for by the terms of the act which also authorizes the imposition of a special assessment on the property for the amount of the removal of the obstruction.[6] Finally, the act states, in part, that:
Upon the failure of any property owner[7] to pay the assessment or any installment thereof . . . the board of commissioners shall cause to be brought the necessary legal proceedings to enforce payment thereof with all the accrued interest and penalties, together with all legal costs incurred including reasonable attorneys' fees, to be assessed as a part of the cost; and in the event of default in the payment of any installment of an assessment, or any accrued interest on said assessment, the whole assessment with the interest and penalties thereon shall immediately become due and payable and subject to foreclosure.[8]
It is the general rule that administrative officers and bodies cannot alienate, surrender, or abridge their powers and duties, or delegate authority and functions which under the law may be exercised only by them although they may delegate merely ministerial functions. However, in the absence of a statute or organic act permitting it, they cannot delegate powers and functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment.[9]
The authority to determine whom and upon what grounds to initiate a legal action involves the exercise of discretion and judgment and, therefore, may not be delegated absent specific authority. My review of both the enabling legislation for the Central Broward Drainage District and the Florida Statutes does not reveal, nor have you brought to may attention, any authority for the district to delegate this power.[10]
Therefore, it is my opinion that the Central Broward Drainage District Board of Commissioners is not authorized to delegate their authority to initiate a lawsuit. In light of this determination, no answer to your second question is necessary.
[1] Chapter 61-1439, Laws of Florida, has been amended by Chs. 65-1006, 67-1002, 70-479, 79-432, 80-462, 82-268, 85-388, 86-359, 86-363, 87-506 and 88-523, Laws of Florida. To the extent that any pertinent section has been amended, the citation will reflect that change.
[2] Section 3, Ch. 61-1439, Laws of Florida.
[3] Section 6, Ch. 70-479, Laws of Florida, amending s. 40.a., Ch. 61-1439, Laws of Florida.
[4] Section 40.b., Id.
[5] Id.
[6] Section 6, Ch. 70-479, Laws of Florida, amending s. 40.c., d., and e., Ch. 61-1439, Laws of Florida.
[7] I would note that this section provides a cause of action against the owner of the property upon which the obstruction is located and does not appear to extend this authority beyond the property owner.
[8] Section 40.g., Id.
[9] See generally, 73 C.J.S. Public AdministrativeLaw and Procedure s. 56. And see, Florida Dry Cleaning and Laundry Board v. Economy Cash Carry Cleaners, 197 So. 550 (Fla. 1940); State ex rel. Wolyn v. Apalachicola Northern R. Co.,88 So. 310 (Fla. 1921); AGO's 83-88, 77-16, 76-230, and 74-116.
[10] Compare, s. 373.103(8), F.S., authorizing the governing board of a water management district to delegate to a local government the power to administer and enforce any of the statutes, rules, or regulations relating to stormwater permitting or surface water management; s. 373.4592(6)(f), F.S., which provides that the Department of Environmental Regulation shall delegate to the South Florida Water Management District any authority necessary to implement s. 373.4592, F.S.; and s.403.802, F.S., providing that permitting functions related to water quality shall be delegated to the water management districts.